IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORIGA

| | |
|---|---|
| JOHN ALBRITTON and<br>GWEN ALBRITTON,<br><br>    Plaintiffs,<br><br>v.<br><br>MASSIE H. MCINTYRE individually,<br>MASSIE MCINTYRE, P.C.,<br>HUGH PETERSON, III, individually,<br>HUGH PETERSON, III, P.C., and<br>MOUNT VERNON BANK, INC.<br>and JOHN DOES, Employees<br>of Mount Vernon Bank<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: _____<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT FOR DAMAGES**

1.

This Court has jurisdiction of the claim herein pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331. This civil action arises under the laws of the United States.

2.

Venue herein is proper under 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b)

3.

Plaintiffs are citizens of the United States, and are residents of the State of Florida.

4.

Defendant Massie H. McIntyre is a citizen of the United States, and is a resident of the State of Georgia and may be served with process at 116 SW Main St., Vidalia, GA 30474.

5.

Defendant Massie McIntyre, P.C. is a corporation existing under and by virtue of the laws of the

1

State of Georgia and may be served via its registered agent, Mr. Massie H. McIntyre at 116 SW Main St., Vidalia, GA 30474.

6.

Defendant Hugh Peterson, III is a citizen of the United State and is a resident of the State of Georgia and may be served with process at 602 Church St., Vidalia, GA 30475.

7.

Defendant Hugh Peterson, III, P.C. is a corporation existing under and by virtue of the laws of the State of Georgia and may be served via its registered agent, Hugh Peterson, III at 602 Church St., Vidalia, GA 30474.

8.

Defendant Mount Vernon Bank, Inc. is a corporation existing under and by virtue of the laws of the State of Georgia and may be served via its registered agent Donald M. Thigpen at 2109 First St., Vidalia, GA 30474.

9.

Defendants Massie McIntyre and Hugh Peterson, III, formerly known professionally as McIntyre and Peterson, P.C., a law firm based in Vidalia, GA focusing in real estate transactions, represented Defendant Mount Vernon Bank, Inc. at all times relevant to this litigation.

10.

Defendant John Does is an employee of Mount Vernon Bank, Inc. and may be served at 2109 First St., Vidalia, GA 30474.

## BACKGROUND AND DESCRIPTION OF PROPERTY THEFT SCHEME

11.

This case involves a property theft scheme conspired and orchestrated by the Defendants whom associated themselves as an enterprise with the object of foreclosing on property after waiting until the purchaser of said property had made improvements to it.

12.

Defendants Mount Vernon Bank and John Does financed real estate developer Edward Herndon to develop lots to be sold as residential lots where the purchasers would then build a home.

13.

Mount Vernon Bank conspired with Defendants Massie McIntyre and Hugh Peterson III, at the time engaging in a law practice partnership to conduct closings on said real estate located in Toombs County, State of Georgia to subsequent purchasers. A description of the property is attached hereto as Exhibit "A."

14.

Defendants Massie McIntyre and Hugh Peterson, III did in-fact conduct such closings with the knowledge that Mount Vernon retained a security interest on the property, as evidenced with a security deed that was prepared and recorded by Massie McIntyre and Hugh Peterson, III, in the Superior Court of Toombs County, State of Georgia real estate records room on August 16, 2004, attached hereto as Exhibit "B."

15.

On July 6th, 2005, Defendants Massie McIntyre and Hugh Peterson, III then conducted a closing on lots 20, 29, 35, and 38 of the property mentioned in paragraph 13 known as the Pinewood Subdivision, transferring the property from developer Herndon to Plaintiffs, with said closing package attached hereto as Exhibit "C." Defendants did so with full knowledge of the security deed on the property they themselves filed less than a year earlier and that the property could be subject to foreclosure.

16.

After July 6th, 2005 the Plaintiffs decided to build a home, using their own funds, on the property they purchased for the purposes of leasing it as an investment. It took some time to build the home, as shown with the residential lease for the property attached hereto as Exhibit "D."

17.

After the home was built. Defendants Mount Vernon Bank, John Does, and Massie McIntyre conspired to seize the newly built home via foreclosure proceedings.

18.

After failing to give proper notice to Plaintiffs regarding the planned foreclosure, Defendants Mount Vernon Bank, John Does and Massie McIntyre conducted a cry-out sale of the home on the footsteps of the Toombs County Courthouse wherein the home was knocked off to Mount Vernon Bank on June 27, 2012, as shown in the Deed of Foreclosure, attached hereto as Exhibit "E."

19.

After the attempt to seize the property with the newly constructed house located on it, Defendants Massie McIntyre, Massie McIntyre P.C., Mount Vernon Bank and John Does attempted to extort monies from Plaintiffs in exchange for the home that Defendant's wrongfully foreclosed on.

## COUNT 1

## CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS:
## 18 U.S.C. § 1962

20.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 18 as fully set forth herein.

21.

This cause of action asserts claims against Defendants for violations of 18 U.S.C. § 1962 for conducting the affairs of a "the property scheme" through a "pattern of racketeering activity."

22.

Plaintiffs have been injured in their business and property by reason of violation of the Racketeer Influenced and Corrupt Organizations Act, (hereinafter referred to as "RICO") within the meaning of 18 U.S.C. § 1962.

23.

Defendants conducted the affairs of the "property theft scheme" described above, through the "pattern of racketeering activity" described above. While Defendants participated in the "property scheme enterprise" they each are separate and distinct from the enterprise. Further, the "property scheme enterprise" is separate and distinct from the "pattern of racketeering activity" Defendants have engaged and are engaging in.

24.

The pattern of behavior, described in the previous paragraphs, is predicates of RICO, that Defendants organized themselves, to commit extortion, fraud and racketeering

5

## COUNT 2

### BREACH OF FIDUCIARY DUTY

25.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 24 as fully setforth herein.

26.

This Court has jurisdiction of the claim herein pursuant to 28 U.S.C. § 1332(a) as the Plaintiffs and Defendants are citizens of different states with an amount in controversy exceeding $75,000.00.

27.

Defendants Massie McIntyre and Hugh Peterson, III are and have been practicing attorneys focusing in the area of real estate transactions, at all times relevant to this litigation.

28.

By virtue of Defendants Massie McIntyre and Hugh Peterson, III's position as closing attorneys for the real estate transaction between the Plaintiffs and Edward Herndon, they had a fiduciary duty to disclose the existence of a security deed on the property transferred to the Plaintiffs.

29.

They were at all times relevant to this litigation aware of the security deed on the property because it was the Defendants Massie McIntyre and Hugh Peterson, III whom recorded said security deed.

30.

Defendants Massie McIntyre and Hugh Peterson III breached their fiduciary duty to Plaintiffs by intentionally failing to disclose the security deed that they themselves recorded on the property at issue in this litigation.

31.

As a direct and proximate result of Defendants Massie McIntyre and Hugh Peterson, III's breach of their fiduciary duty, Plaintiffs have suffered monetary and other damages.

## COUNT III

### LEGAL MALPRACTICE

32.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 31 as fully setforth herein.

33.

This Court has jurisdiction of the claim herein pursuant to 28 U.S.C. § 1332(a) as the Plaintiffs and Defendants are citizens of different states with an amount in controversy exceeding $75,000.01.

34.

Defendants Massie McIntyre and Hugh Peterson III were negligent and failed to exercise the standard of care used by attorneys under same or similar conditions and like surrounding circumstances as those relevant to this case in their care and treatment of clients such as Plaintiffs.

35.

The negligence of Defendants Massie McIntyre and Hugh Peterson, III includes, but is not limited to, the negligent acts and omissions set forth in the Affidavit of Warren E. Ratchford filed contemporaneously with this complaint as Exhibit "F."

36.

Defendants Massie McIntyre and Hugh Peterson, III were negligent in deviating from the accepted standard of care by failing to discover and disclose the existence of a security deed on the property during the closing transaction of said property wherein Plaintiffs were the purchasing party.

37.

The above-listed deviations from the accepted standard of care proximately resulted in Plaintiff's incurring significant monetary and other damages.

## COUNT IV

## FRAUD

38.

Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 37 as fully setforth herein.

39.

This Court has jurisdiction of the claim herein pursuant to 28 U.S.C. § 1332(a) as the Plaintiffs and Defendants are citizens of different states with an amount in controversy exceeding $75,000.00.

40.

On July 6th, 2005 Defendants Massie McIntyre and Hugh Peterson, III, with intent to defraud Plaintiffs, represented to Plaintiffs that the property that they were purchasing from developer Herndon was free of encumbrances.

41.

However, the property at issue in this matter was in fact encumbered by a security deed that Defendants themselves recorded and Defendants were fully aware of this encumbrance.

42.

The representations that Defendants Massie McIntyre and Hugh Peterson made to Plaintiffs on July 6th, 2005 were made knowingly false and with intent to defraud.

43.

Due to the fraud conducted by Defendants Massie McIntyre and Hugh Peterson, III, Plaintiffs have incurred significant monetary damages.

WHEREFORE PLAINTIFFS PRAY:

1. That service of process be effected against all Defendants;
2. That this honorable Court find for Plaintiffs on all counts contained in this complaint;
3. That this honorable Court grant Plaintiffs an award of damages on all counts contained in this complaint;
4. That this honorable Court grant Plaintiff an award of Punitive Damages;
5. That this honorable Court grant Plaintiff an award of attorney's fees pursuant to 18 U.S.C. 1964(c);
6. That this honorable Court grant Plaintiff an award of triple damages on Count I of Plaintiff's complaint pursuant to 18 U.S.C. 1964(c);
7. That this honorable Court grant Plaintiff all other relief it deems just and proper.

Respectfully submitted this 20 day of September 2013.

Robert W. Hunter, III

Georgia Bar No.: 379480
266 Greene Street
Augusta, Georgia 30901
(706) 724-3156 Telephone
(706) 724-4246 Facsimile
thehunterfirm@gmail.com

9

IN THE UNITED STATES DISTRICT COURT )
) **VERIFICATION**
SOUTHERN DISTRICT OF GEORGIA )

**BEFORE AN OFFICER**, duly authorized by law to administer oaths, personally appeared, GWEN ALBRITTON, who after first being duly sworn, deposes and says that the facts contained in the within and foregoing are true and correct to the best of her knowledge and belief.

_Gwen Albritton_ Know to me
GWEN ALBRITTON

SWORN TO AND SUBSCRIBED before me
This the 29 day of July, 2013.

_Rodney Leonard Hopper_
NOTARY PUBLIC

RODNEY LEONARD HOPPER
MY COMMISSION # EE 176295
EXPIRES: July 6, 2016
Bonded Thru Notary Public Underwriters

IN THE UNITED STATES DISTRICT COURT )
) **VERIFICATION**
SOUTHERN DISTRICT OF GEORGIA )

**BEFORE AN OFFICER**, duly authorized by law to administer oaths, personally appeared, JOHN ALBRITTON, who after first being duly sworn, deposes and says that the facts contained in the within and foregoing are true and correct to the best of her knowledge and belief.

_____ Known to me
JOHN ALBRITTON

SWORN TO AND SUBSCRIBED before me
This the 29 day of July, 2013.

_____
NOTARY PUBLIC

RODNEY LEONARD HOPPER
MY COMMISSION # EE 176295
EXPIRES: July 6, 2016
Bonded Thru Notary Public Underwriters